# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON RICHARDS,

    Plaintiff,

v.

    CASE NO. 1:18-CV-358

    HON. ROBERT J. JONKER

STURGIS PUBLIC SCHOOLS, *et al.*,

    Defendants.
_____/

## **OPINION AND ORDER**

Plaintiff Aaron Richards brings claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*; the Section 504 of the United States Rehabilitation Act of 1973 ("Section 504"); and Title II of the Americans with Disabilities Act.[1] Defendants move to dismiss for lack of exhaustion. The Court has heard oral argument and received supplemental briefing. The motions are ready for decision.[2]

### 1. BACKGROUND

Plaintiff Richards, who is nineteen years old, has a hearing impairment. (ECF No. 26, PageID.124.) He was diagnosed with "severe to profound bilateral sensorineural hearing loss" when he was about eighteen months old. (*Id.*, PageID.129.) From preschool through the 2015-2016 school year, Plaintiff attended school in the Sturgis Public Schools District (the "District"),

---

[1] Plaintiff also brings claims under Michigan law. Supplemental jurisdiction provides the only basis for jurisdiction over the state law claims here. The state law claims touch on complex issues of state law and create a risk of juror confusion at trial. The Court declines to exercise supplemental jurisdiction over the state law claims and dismisses them without prejudice under 28 U.S.C. § 1367(c).

[2] The parties stipulated, and the Court granted, the dismissal without prejudice of Defendants Michigan Department of Education, the Michigan State Board of Education, and Sheila Alles (the "State Defendants"). (ECF No. 43.) The State Defendants' Motion to Dismiss (ECF No. 31) is **DISMISSED AS MOOT**.

which is his home school district. (*Id.*, PageID.124-25.) The District falls within the ambit of regional educational service agency St. Joseph Intermediate School District (the "ISD"). (*Id.*, PageID.125.) Plaintiff asserts that from 2004 to 2016, "the District engaged in an ongoing practice of failing to provide [him] with an education appropriate to his needs as a student who is deaf or hard of hearing." (*Id.*, PageID.129.) He also alleges that throughout that time, the ISD "engaged in an ongoing practice of failing to develop a Plan sufficient to ensure that [he was] receiving a [fair and appropriate public education]" ("FAPE"). According to Plaintiff, neither Sturgis nor the ISD gave him an adequate opportunity to learn sign language. (*Id.*, PageID.131.) Plaintiff alleges a series of inadequacies in the public education made available to him from 2004 through early 2016. (*Id.*, PageID.130-138.)

Plaintiff began attending the Michigan School for the Deaf ("MSD") in the fall of 2016, when he was seventeen years old. (*Id.*, PageID.139.) At the MSD, he "has made great strides academically" and is learning American Sign Language. (*Id.*) He states that despite this progress, he "is likely to experience permanent academic, social, and linguistic deficits due to the inadequate education and inadequate educational access he received from Sturgis." (*Id.*) According to Plaintiff, evaluation by a licensed psychologist specializing in working with deaf and hearing-impaired individuals revealed that Plaintiff is "an individual of average or better ability to learn and reason, with no cognitive deficits." (*Id.*) The psychologist "concluded that [Plaintiff's] limited language competence and lack of academic skills were the direct result of the limited and sporadic exposure to accessible language provided by the District." (*Id.*) Plaintiff asserts that he "is an intelligent and cooperative person who, even as a deaf man, could have been expected to graduate high school, attend college, [and] obtain gainful employment...." (*Id.*, ECF No. 141.) Plaintiff claims that "the District's 12-year failure to provide him with appropriate language instruction,

language models, or communication access to his classroom" diminished his educational, social, and career prospects. (*Id.*, PageID.142.)

Defendants seek dismissal of the case without prejudice based on lack of exhaustion.[3] It is undisputed that an administrative process remains underway as to Plaintiff's claims under the IDEA. Plaintiff contends, however, that the Section 504 and Title II ADA claims are exhausted and should not be dismissed. Rather, Plaintiff asks the Court to retain and stay proceedings pending exhaustion of the IDEA process. Based on Supreme Court precedent, the Court finds dismissal for lack of exhaustion appropriate as to all claims, pending completion of the IDEA process.

## 2. LEGAL STANDARDS AND DISCUSSION

The IDEA "requires states that receive federal funds for education to provide every disabled child who wants it a 'free and appropriate public education' (FAPE)." *L.H. v. Hamilton County Department of Education*, Nos. 17-5989, 18-506, ---F.3d---, 2018 WL 3966517 (6th Cir. Aug. 20, 2018) (citing 20 U.S.C. § 1400 *et seq.*). The IDEA requires exhaustion of administrative procedures "before filing an action under the ADA, the Rehabilitation Act, or similar laws when (but only when) [the] suit 'seeks relief that is also available' under the IDEA. *Fry v. Napoleon Community Schools*, 137 S. Ct. 743, 752 (2017) (quoting 20 U.S.C. § 1415(l)). The IDEA's exhaustion rule "hinges on whether a lawsuit seeks relief for the denial of a free appropriate public education. If a lawsuit charges such a denial, the plaintiff cannot escape [the exhaustion requirement] merely by bringing her suit under a statute other than the IDEA." *Id.* at 754. If the plaintiff seeks a remedy under a different statute – that is, if he or she "seek[s] redress for . . . other harms, independent of any FAPE denial," the IDEA's exhaustion rule does not apply. *Id.* To

---

[3] Some defendants seek dismissal on other grounds, too. In light of the Court's ruling on exhaustion, it is not necessary to reach other issues at this time.

3

determine whether a plaintiff is seeking relief for the denial of a FAPE, the Court should focus on "the crux – or in legal-speak, the gravamen – of the plaintiff's complaint...." *Id.* The Court must "examine whether a plaintiff's complaint – the principal instrument by which she describes her case – seeks relief for the denial of a public education," focusing on substance over form. *Id.* at 755.

The Supreme Court details two hypotheticals to consider in determining whether the gravamen of a plaintiff's complaint concerns the denial of a FAPE:

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school – say, a public theater or library? And second, could an adult at the school – say an employee or visitor – have pressed essentially the same grievance? ... [W]hen the answer is no, then the complaint probably does concern a FAPE...."

*Id.* at 756. Another clue that the gravamen of the complaint is the denial of a FAPE appears when a plaintiff invokes the IDEA's administrative procedures before filing suit. *Id.*

The Court readily finds that under *Fry*, Plaintiff's case hinges on the alleged denial of a FAPE. Plaintiff's complaint refers repeatedly to the alleged inadequacy of the education he received from 2004 through early 2016. His claim under the ADA alleges explicitly that "the defendants "intentionally discriminated against [Plaintiff] in violation of Title II by acting in bad faith and with gross misjudgment in failing to provide a FAPE and concealing this failure from [Plaintiff] and his family." (ECF No. 26, PageID.150.) His claim under the Rehabilitation Act uses the same language. (*Id.*, PageID.149.) The answer to each of the *Fry* hypotheticals is no. Plaintiff could not have brought essentially the same claim if the alleged conduct had occurred at a different kind of public facility. Nor could an adult at the school have pressed essentially the same grievance. Plaintiff is already pursuing exhaustion of the IDEA's procedures, another indication that the denial of the FAPE is at the heart of the complaint.

Plaintiff contends that even if the *Fry* factors call for dismissal of the case based on lack of exhaustion, the Court should simply stay the case until the administrative process is complete. That is not what *Fry* mandates. To the contrary, *Fry* speaks of exhausting the process before a suit is filed at all. 137 S. Ct. at 752. Moreover, this holding is based on the text of the applicable statute:

> Nothing in this chapter [of the IDEA] shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the proceedings under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l).

Plaintiff offers no persuasive authority for the Court to skirt the language of the statute and the holding of *Fry* simply so the case can stay in suspended animation on the docket while the administrative process unfolds. It appears the real reason driving the request is Plaintiff's concern that some claims may be lost to a statute of limitations defense. As to any state law claims, the Plaintiff can protect himself by promptly filing in the state court. As to any federal claim, the short answer is that the statute and *Fry* require exhaustion before filing suit. If that rule has statute of limitations consequences – something the Court is **NOT** deciding at this time – then that is the result the law requires, and not a basis to ignore the rule.

### 3. CONCLUSION

For these reasons, the Court concludes that dismissal without prejudice based on lack of exhaustion is appropriate.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1367(c).

2. Defendant Sturgis Public Schools and Sturgis Public Schools Board of Education's Motion to Dismiss (ECF No. 24) is **GRANTED** to the extent these defendants seek dismissal of the federal claims based on lack of exhaustion and is **DISMISSED AS MOOT** in all other respects.

2. Defendants St. Joseph Intermediate School District and St. Joseph Intermediate School District Board of Education's Motion to Dismiss (ECF Nos. 20, 29) is **GRANTED** to the extent these defendants seek dismissal of the federal claims based on lack of exhaustion and **DISMISSED AS MOOT** in all other respects.

3. Defendants Sheila Alles, Michigan Department of Education, and State Board of Education's Motion to Dismiss (ECF No. 31) is **DISMISSED AS MOOT**.

4. The federal claims against Defendants Sturgis Public Schools, Sturgis Public Schools Board of Education, St. Joseph Intermediate School District, and St. Joseph Intermediate School District Board of Education are **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

Dated:   September 14, 2018              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE