UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARIA PEREZ, next friend of | ) | |
| MIGUEL LUNA PEREZ, | ) | |
|                   Plaintiff, | ) | |
| | ) | No. 1:18-cv-1134 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| STURGIS PUBLIC SCHOOLS and STURGIS | | |
| PUBLIC SCHOOLS BOARD OF EDUCATION, | ) | |
|                   Defendants. | ) | |
| | ) | |

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Miguel Luna Perez, by his next friend Maria Perez, brings claims that Defendants, Sturgis Public Schools and the Sturgis Public Schools Board of Education, violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 *et seq.* Defendant Sturgis Public School District[1] moved to dismiss Perez's claims (ECF No. 11). On June 20, 2019, United States Magistrate Judge Ray Kent issued a Report & Recommendation ("R&R") recommending that the Court grant Defendant Sturgis Public School's motion for summary judgment because Perez failed to exhaust his administrative remedies (ECF No. 19). This matter is before the Court on Perez's objections to the R&R (ECF No. 25). For the reasons to be discussed, the Court will overrule all objections and adopt the R&R as the Opinion of the Court.

---

[1] This motion to dismiss makes no reference to Defendant Sturgis Public Schools Board of Education, so Magistrate Judge Kent appropriately construed the motion as referring only to Defendant Sturgis Public School District.

## Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

I.  **Motion to Dismiss Standard**

Perez's first objection is that Magistrate Judge Kent applied an incorrect legal standard to the Rule 12(b)(6) motion because he did not read Perez's allegation that his Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1401 *et seq.*, claim had been settled in

the light most favorable to Perez. Perez argues that because his IDEA claim was settled, the IDEA exhaustion requirement does not apply, and the R&R's conclusion is incorrect. This objection fails.

When considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions. *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Magistrate Judge Kent was required to accept Perez's allegation that his IDEA claim was settled, and he did: the R&R notes that Perez resolved his IDEA claim and that in this case, Perez's complaint does not explicitly plead a claim under IDEA (ECF No. 19 at PageID.282-3). However, at its core, this case presents a legal question—do Perez's ADA and PWDCRA claims seek the same type of relief available under IDEA? The Supreme Court has recently clarified that "[w]hat matters is the crux—or in legal-speak, the gravamen—of the plaintiff's complaint, setting aside any attempts at artful pleading." *Fry v. Napoleon Community Schools*, ___ U.S. ___, 137 S. Ct. 743, 755 (2017). If his claims seek the same type of relief available under IDEA (relief for the denial of a free and appropriate public education (FAPE)) they are subject to the IDEA's exhaustion requirement. *Id.* at 752. A plaintiff may not skirt the exhaustion requirement by avoiding references to IDEA in his pleading.

Under *Fry*, Perez cannot simply allege that the IDEA claim was settled to imply that his case does not involve denial of a FAPE and to avoid inquiry into the gravamen of his claim. *See id.* It follows that Magistrate Judge Kent was not required to accept the pleaded

3

legal conclusion—i.e., that because the case does not reference IDEA, it does not involve denial of a FAPE. Accordingly, this objection is overruled.

II.     Existence of Exhaustion Requirement

Perez next objects to the R&R's holding that he was required to exhaust his claims before bringing them in this Court. This objection also fails.

Section 1415 (*l*) of the IDEA "requires that a plaintiff exhaust the IDEA's procedures before filing an action under the ADA, the Rehabilitation Act, or similar laws when (but only when) [his] suit 'seek[s] relief that is also available' under the IDEA." *Id.* at 752 (citing 42 U.S.C. § 1415 (*l*)). Therefore, the IDEA's exhaustion rule "hinges on whether a lawsuit seeks relief for the denial of a free appropriate public education. If a lawsuit charges such a denial, the plaintiff cannot escape 42 U.S.C. § 1415 (*l*) merely by bringing [his] suit under a statute other than the IDEA." *Id.* at 754. If, however, the plaintiff seeks redress for other harms, "independent of any FAPE denial," the IDEA's exhaustion requirement does not apply. *Id.* As explained above, the focus of this analysis is the substance of a plaintiff's complaint, not any "magic words" or which labels a plaintiff uses. *Id.* at 755. The Supreme Court provided two questions that can guide the analysis:

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school—say, a public theater or library? And second, could an *adult* at the school—say, an employee or visitor—have pressed essentially the same grievance? When the answer to those questions is yes, a complaint that does not expressly allege the denial of a FAPE is also unlikely to be truly about that subject; after all, in those other situations there is no FAPE obligation and yet the same basic suit could go forward. But when the answer is no, then the complaint probably does concern a FAPE, even if it does not explicitly say so; for the FAPE requirement is all that explains why only a child in the school setting (not an adult in that setting or a child in some other) has a viable claim.

4

*Id.* at 756. A court may also consider that a plaintiff began to resolve the issue by invoking the IDEA's formal procedures: "A plaintiff's initial choice to pursue that process may suggest that [he] is indeed seeking relief for the denial of a FAPE." *Id.* at 757.

Perez argues that the R&R's conclusion that he seeks relief for denial of a FAPE is incorrect for two reasons: (1) because he was denied effective communication sufficient to provide him meaningful access to the classroom and (2) because Defendants intentionally discriminated against him by excluding him from participation in service, programs, and activities based on his disability. Perez argues that these claims are ADA claims, unrelated to his FAPE, so exhaustion was not required.

The Court is not persuaded by this argument. Perez's case is nearly identical to this Court's recent decision in *Richards v. Sturgis Public Schools*, Case No. 1:18-cv-358, slip op. (W.D. Mich. Sept. 14, 2018). In *Richards*, a hearing-impaired student filed suit alleging that he was denied educational assistance when he was denied a competent interpreter, and that this denial impeded his access to a public education. *Id.* at 2-3. Richards had not exhausted his IDEA remedies before filing suit, so under the guidance of *Fry*, the Court examined whether Richards alleged the denial of a FAPE. *Id.* at 4-5. The Court found that he had alleged the denial of a FAPE, so IDEA exhaustion was required, and the Court dismissed his case for failure to exhaust administrative remedies. *Id.* at 5-6.

Perez has attempted to avoid the same fate Judge Jonker reached in *Richards* by eliminating all references to the IDEA or the denial of a FAPE. However, that is insufficient to avoid dismissal, given the Supreme Court's guidance in Fry: "[t]he use (or non-use) of particular labels and terms is not what matters." *Fry*, 137 S. Ct. at 755. The gravamen of

Perez's complaint is substantially the same as Richards' was: the underqualified interpreter Defendants provided to him deprived him of meaningful access to his education. At its core, the claim is that Perez was denied a FAPE. Despite the complaint's labels, Perez's claim seeks the same type of relief available under IDEA. Thus, Magistrate Judge Kent properly determined that Perez was required to exhaust available IDEA administrative remedies before filing the instant suit. Accordingly, this objection is overruled.

### III. Meeting the Exhaustion Requirement

Perez next argues that even if exhaustion was required, he exhausted his claims and therefore, dismissal was improper. His argument can be summarized as follows: "[t]here is nothing in the statute to require a student to even bring an IDEA claim, let alone reject settlement of an IDEA claim, as a prerequisite for *litigating a non-IDEA claim*." (ECF No. 25 at PageID.332) (emphasis added). This is a misstatement of the law. Section 1415 (*l*) does not require exhaustion for only claims brought under IDEA; it requires exhaustion for any "civil action under such law seeking relief that is also available under [IDEA]." 20 U.S.C. § 1415 (*l*). Put differently, the statute requires a student to bring and exhaust an IDEA claim before litigating a non-IDEA claim, if the non-IDEA claim seeks relief for the denial of a FAPE. Given the Court's conclusion that the gravamen of Perez's claim is the denial of a FAPE, § 1415 (*l*)'s exhaustion requirement applies. *See Fry*, 137 S. Ct. at 754. Accordingly, this objection is overruled.

### IV. IDEA Settlement while Pursuing ADA Claim

Perez's fourth objection is that "there is no legal basis for barring Plaintiff from proceeding with his separate ADA claim for money damages after settling his IDEA claim"

(ECF No. 25 at PageID.340). He objects to the Magistrate Judge's reliance on *A.F. ex rel Christine B. v. Espanola Public Schools*, 801 F.3d 1245 (10th Cir. 2015), and objects to the conclusion that the settlement of his IDEA claim does not circumvent the exhaustion requirement of his related claims under the ADA and PWDCRA. Perez asserts that he should be permitted to continue pursuing these claims after settling his IDEA claim.

Section 1415 (*l*) requires a plaintiff to exhaust "the procedures under subsections (f) and (g) . . . to the same extent as would be required had the action been brought under [IDEA]." 20 U.S.C. § 1415 (*l*). Subsection (f) requires an impartial due process hearing; subsection (g) requires the appeal of a due process hearing if the hearing was conducted by a local education agency rather than a state administrative hearing officer. 20 U.S.C. § 1415 (f), (g).

*A.F.* is factually analogous to the case at bar: settlement of an IDEA claim followed by an ADA lawsuit seeking relief for the same injuries. *See id.* at 1247-48. The Tenth Circuit held that it is "clear" under § 1415(*l*) that a plaintiff may not "bring an IDEA lawsuit in federal court after choosing to settle [his] IDEA claims and agreeing to their dismissal with prejudice." *Id.* Such a process does not involve a due process hearing or an appeal of the results of that hearing, so it simply cannot comply with § 1415 (f) or (g), and in turn, does not satisfy the exhaustion requirement of § 1415 (*l*). *See id.* at 1247. Accordingly, the plaintiff's claim was dismissed for failure to exhaust. *Id.* at 1251.

This Court agrees with Magistrate Judge Kent's conclusion that *A.F.* is persuasive and applicable here: Perez settled his IDEA claim and then raised the same claims under a different name, just like the plaintiff in *A.F.* The Tenth Circuit's logic is sound: without a

due process hearing and any applicable appeals, the exhaustion requirement set out in § 1415 (*l*) has not been met. Therefore, Perez's pre-hearing settlement did not exhaust the available administrative remedies, and this claim must be dismissed for lack of exhaustion. There is no error in the R&R on this point, and the objection is overruled.

V.    Judicial Estoppel

Perez's fifth objection is that the R&R failed to apply the doctrine of judicial estoppel. He argues that he did not have a chance to exhaust his claim because Defendants succeeded in dismissing the ADA claim in the administrative proceedings. Therefore, Defendants should be estopped from obtaining dismissal of the claim in this Court for failure to exhaust administrative remedies. However, this argument is yet again premised on the incorrect assumption that Perez's ADA claim is separate and distinct from his IDEA claim. The Court has concluded that the claim before it is substantively an IDEA claim; the IDEA claim was settled before it could be exhausted. Importantly, neither the R&R nor this Court have considered the dismissal of Perez's ADA claim as evidence that he failed to exhaust his administrative remedies. To be clear, Perez's claim is considered unexhausted because it is, at its core, an IDEA claim, and he settled his IDEA claim before a due process hearing. Perez's argument here misses that fundamental fact. Accordingly, this objection is overruled.

VI.    Futility of Further Exhaustion

Perez next objects that further exhaustion of his claim would be futile because the ALJ lacked jurisdiction to hear his ADA claim, and because further litigation of the IDEA claim was futile after it settled. Again, whether the ALJ dismissed his ADA claim is irrelevant to the current proceeding, so this objection is overruled. And Perez's contention that further

litigation of the IDEA claim was futile undercuts this entire lawsuit: this suit, at its core, is an IDEA claim by another name. Further litigation of the IDEA claim after settlement, as Perez recognizes here, is futile. This objection is overruled.

### VII. Supplemental Jurisdiction

Perez's final objection is that the R&R erred when it determined that this Court should not exercise its supplemental jurisdiction over the PWDCRA claim. Given the above findings that the R&R contains no errors regarding the gravamen of Plaintiff's ADA claim, the R&R's conclusion that the ADA claim must be dismissed is correct. Accordingly, there are no remaining federal claims and the Court cannot exercise supplemental jurisdiction over the state claim. *See* 28 U.S.C. § 1367. This objection is overruled.

### Order

This Court finds no error in the R&R, and accordingly,

**IT IS ORDERED** that the January 7, 2019 R&R (ECF No. 19) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (ECF No. 25) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Sturgis Public Schools' motion to dismiss (ECF No. 11) is **GRANTED**.

Date: December 19, 2019  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge